Nash, J.
 

 When his Honor, the presiding Judge, pronounced his opinion in this case, he entirely overlooked those of
 
 Henry and Patrick,
 
 1st Dev. & Bat. 358, and
 
 Caldwell and Smith,
 
 4 Dev. & Bat. 67, or drew a distinction in principle,^between them and the present case, which the facts do not warrant. In the first case, the defendant sold to the plaintiff a negro ; the price was agreed upon and the boy delivered. The value was to be paid in a bond, which the plaintiff then held upon the defendant. The bond not being present, it was agreed, that in a few days, the defendant would call at the plaintiff’s house, execute a bill of sale and receive the bond. The plaintiff took the boy home with him. The contest between the parties there, as here, was, whether the contract was an executed, or executor}' one, to be completed by the executing of the bill of sale by the defendant and the delivery of the bond by the plaintiff. The Court decided, that it was a question of fact for the jury, as to the intention of the parties, and notone of law. The Court could not decide upon the intent. This case governs the one before us ; the only (act differing the ¡after is, that, at the time, a small part of the purchase money was paid by the plaintiff. This, vve think, makes no material difference between the cases, in principle. Property in slaves can
 
 *320
 
 be passed in two ways ; either by sale and 'delivery or by deed. Here the parties, at the time the terms of the con» tract were agreed on, agreed that the note for the balance of the purchase money and the hill of sale were to be executed and delivered at a subsequent day. Was the boy John, then, delivered, at the time, as the property of the plaintiff, under the parol contract, and the bill of sale to be given as further assurance or evidence of title ? If so, the contract was complete. If the boy was put into her possession, but not as her property, until a bill of sale was executed and a bond or note for the residue of the purchase money was delivered, and it waá the understanding of the parties, that the title should not be changed, until those things were done, then the contract was not completed by the delivery of lohn and the payment of a part of the purchase money. Which was the intention of the parties, was a question of fact for the jury to ascertain. We think his Honor erred, not in the conclusion, which he drew from the facts — upon that we have no right to express an opinion — but that he assumed the jurisdiction of the jury, in drawing any conclusion, as a matter of law.
 

 Per Curiam. Judgment reversed and
 
 venire de
 
 novo.